IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KAREN NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-169 |
| | ) | |
| GPI GA-DM, LLC d/b/a Mercedes Benz of Augusta, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Based on the evidence introduced at the hearing on January 12, 2016, and for the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that this case be **REMANDED** for lack of subject-matter jurisdiction and this civil action be **CLOSED**.

**I.    DISCUSSION**

The complaint alleges that, on September 12, 2013, Plaintiff slipped and fell on an unknown liquid while picking her car up from the maintenance department of Defendant's Mercedes Benz dealership. (Compl., doc. no. 1-1, ¶¶ 6, 10-20.) The complaint does not plead a specific amount of damages. Defendant removed this case from the Superior Court of Richmond County on October 19, 2015, claiming diversity jurisdiction based on a pre-suit

1

letter from Plaintiff's counsel demanding $100,000. (Notice of Removal, doc. no. 1, ¶ 5.) The Court conducted a hearing regarding jurisdiction on January 12, 2016. (Doc. no. 13.)

In advance of the hearing, Defendant submitted a stipulation from Plaintiff that she will seek more than $75,000 at trial. (Doc. nos. 16, 18.) At the hearing, Plaintiff's counsel argued the fall has caused Plaintiff to suffer from vertigo and migraines, forcing Plaintiff to give up activities she enjoys such as regular exercise, traveling, and cruising on ships. (*For the Record* "FTR" 2:14:45- 2:15:24; 2:22:08 – 2:22:41.) Plaintiff seeks damages for past and future medical expenses, pain and suffering, and attorneys' fees, but she is not seeking lost wages or punitive damages. (FTR 2:15:24- 2:16:18.)

According to counsel, Plaintiff has incurred approximately $12,000 in medical expenses to date. (FTR 2:13:56 - 2:14:36; FTR 2:14:36 - 2:14:45.) Counsel could not provide an estimate of future medical expenses because a recent brain MRI will determine the future course of treatment. (FTR 2:16:18 – 2:17:20.) Despite Plaintiff not claiming an impact to her head from the slip and fall, doctors ordered the brain MRI to investigate whether a brain injury is causing the vertigo and headaches. (FTR 2:17:20 - 2:19:45.)

A removing defendant has the burden to establish federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). And the removing party must point to facts, not conclusory allegations. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). In fact, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the

amount in controversy exceeds the jurisdictional requirement." Id. at 1319. A settlement offer is relevant to the jurisdictional amount but not determinative. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Moreover, courts cannot ignore a claim for damages merely because the damages are indeterminate. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. However, the existence of jurisdiction should not be "divined by looking to the stars." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

Having carefully reviewed the pleadings and evidence, the Court finds Defendant has not carried its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff's special damages are merely $12,000 in medical expenses, and none of the facts suggest a basis for awarding noneconomic damages five times greater than this amount. While Plaintiff claims a general right to recover future medical expenses, neither party has submitted any evidence to show what future medical treatment is necessary and how that treatment relates to the injuries suffered by Plaintiff in the slip and fall.

Many courts within the Eleventh Circuit have found no basis for diversity jurisdiction in similar circumstances. See Cross v. Wal-Mart Stores, LP, No. 7:11-CV-21 HL, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with

3

$45,000 in medicals, allegations of general damages, and a demand letter for $125,000); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154 HL, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52 CAR, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in slip and fall case with $13,000 in medicals and possibility of two future surgeries).

Defendant cites Plaintiff's pre-suit demand of $100,000, but mere demands are never dispositive and only worthy of consideration when they provide specific information to show the demand is a reasonable assessment of the case value. Golden Apple Mgmt. Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998). Here, the settlement offer provides great detail about the circumstances surrounding the fall but does not itemize damages or provide a calculation to show the reasonableness of the $100,000 demand. (See doc. no. 18-1.) The demand letter does cite an appellate decision in a slip-and-fall case where a Richmond County jury awarded $78,000, but the defendant did not appeal the amount of damages awarded and the decision vaguely describes the plaintiff's injuries as "serious." See Augusta Country Club, Inc. v. Blake, 280 Ga. App. 650, 651, 634 S.E.2d 812, 814 (2006). Plaintiff's counsel represented that he spoke with the plaintiff's counsel in Blake who relayed that the medical bills at issue there were approximately $5,000. (FTR 2:21:06 – 2:21: 57.) Even crediting the assertions these cases are similar enough to warrant extrapolation to each other, the damages awarded in Blake merely show it is possible

4

Plaintiff may recover more than $70,000 in damages, not that it is likely which is the burden of proof here.

While Plaintiff has made a claim for attorneys' fees, Defendant has introduced no evidence as to the basis for such an award or what a reasonable amount would be. "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000). Under Georgia law, attorneys' fees are recoverable where a defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. O.C.G.A § 13-6-11. No one has explained why Defendant's conduct in this litigation would trigger recovery under § 13-6-11, and it is unlikely that any such award would sufficiently increase the amount in controversy so that it exceeds $75,000.

## IV. CONCLUSION

Based on the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this action be **REMANDED** for lack of subject-matter jurisdiction and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 10th day of February, 2016, at Augusta, Georgia

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA